IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN LEE KUGHLER,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND/CORRECT JUDGMENT<br><br><br>Case No. 2:08-CR-146 TS<br><br>District Judge Ted Stewart |

This matter is before the Court for consideration of a letter received from Defendant Justin Lee Kughler, which the Court has construed as a Motion to Amend/Correct Judgment. For the reasons discussed below, the Court will deny Defendant's request.

I.  BACKGROUND

Defendant was named in a one-count Indictment on March 12, 2008, charging him with being a felon in possession of a firearm and ammunition.  Defendant pleaded guilty on January 27, 2009.  On April 21, 2009, Defendant was sentenced to a term of imprisonment of 33 months to be followed by a 36 month term of supervised release.

Defendant appeared before the Court on January 21, 2015, on an allegation that he had violated the terms of his supervised release. Defendant admitted some of the allegations and was sentenced to 8 months in the custody of the Bureau of Prisons ("BOP").  In his Motion, Defendant argues that the BOP has not given him credit for time spent in custody from November 18, 2014, to January 1, 2015, time in which he was apparently in primary state custody.  Defendant requests the Court give him credit against his sentence for this time.

1

## II.  DISCUSSION

Defendant requests the Court issue an order granting Defendant credit for time he spent in state custody.  Defendant represents that the BOP has not given him credit against his federal sentence for approximately 43 days spent in state custody.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c) or Federal Rule of Criminal Procedure 36.[2]

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3]

> A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[4]

Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  As Defendant brings this Motion after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[5]

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[4] *Id.* at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[5] *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

Further, Defendant does not point to any arithmetical, technical, or other clear error in his sentence.

The other avenues set forth above similarly fail to provide relief. There is no motion from the Director of the BOP, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35(b) provides for a reduction upon motion of the Government. Here, there is no motion by the Government. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." There is no such error here. Therefore, Rule 36 is inapplicable.

As stated, Defendant seeks credit for time he has served. 18 U.S.C. § 3585 provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."[6] The BOP is responsible for computing sentence credit under § 3585(b).[7] "[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance."[8] Until the Attorney General, through the BOP, makes a determination under § 3585(b), the matter is not ripe for review and the Court lacks jurisdiction.[9]

Defendant must first exhaust all of his administrative remedies with the BOP before he seeks judicial intervention regarding the calculation of credit for time served on his sentence.

---

[6] 18 U.S.C. § 3585.

[7] *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

[8] *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

[9] *Id.*

Once he has done so, if he is not satisfied with the BOP's resolution of his request for sentence credit, he may raise the issue by filing a petition under 28 U.S.C. § 2241. Such petition must be filed in the judicial district where Defendant is held in custody at the time such a petition is filed.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Amend/Correct Judgment (Docket No. 100) is DENIED.

DATED this 22nd day of June, 2015.

BY THE COURT:

Ted Stewart
United States District Judge